UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL OROPEZA LOPEZ, et al.,<br><br>Defendants. | No. 1:15-cr-00051-NONE-SKO<br><br>ORDER DENYING DEFENDANT RAUL OROPEZA LOPEZ'S EMERGENCY REQUESTS FOR MODIFICATION OF IMPOSED TERM OF IMPRISONMENT<br><br>(Doc. Nos. 78, 79, 80) |

Defendant Raul Oropeza Lopez, appearing pro se, moves the court to modify the sentence of 37 months imprisonment in the custody of the U.S. Bureau of Prisons ("BOP") imposed upon him by this court on November 13, 2018. (Doc. No. 69, 71.) Defendant seeks relief due to the risk posed by the coronavirus ("Covid-19") outbreak. (Doc. Nos. 78, 79, and 80.) Specifically, defendant requests the court release him to home confinement or on supervised release. (*Id.*) For the reasons set forth below, defendant's request will be denied.

Federal courts may modify an imposed term of imprisonment based on a compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Defendants may bring their own motions for compassionate release after first exhausting their administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A). A defendant may be eligible for compassionate release if the court finds that "extraordinary or compelling reasons" warrant a sentence reduction. *Id.* The court must ensure that a sentence reduction is "consistent with the applicable policy statements issued by the

Sentencing Commission." *Id.*  The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.  *See* U.S.S.G. § 1B1.13.

Here, defendant submitted a request to the BOP on April 4, 2020 requesting immediate transfer to home confinement in light of the Covid-19 pandemic which he asserts places him at a "high risk of death or serious illness." (Doc. No. 79 at 11.)  Defendant's request was submitted to the warden of the Taft correctional institute ("CI Taft"). (*Id.*)  On April 6, 2020, the grievance director at CI Taft issued a blanket statement of no response to all inmates who had submitted requests in the days prior, such as defendant.  (*Id.* at 25.)[1]  Due to the "multiple" requests that were sent to the grievance coordinator, the blanket statement explained that "individual responses will not be provided, nor will any future requests regarding this same matter be addressed." (*Id.*)  Because defendant received a blanket statement of no response two days after he submitted a request to the BOP, defendant moved for his compassionate release in federal court.

Under these circumstances this court will assume, without deciding, that defendant has exhausted his available administrative remedies.  However, defendant has not demonstrated that "extraordinary and compelling reasons" warrant his release.  *See* § 3582(c)(1)(A).  Defendant seeks release based on the health risk posed to him by Covid-19.  (*See generally* Doc. No. 78.)  Defendant states that he is 52 years old "this year" and that "[a]t present," he is "symptom free of any illness and [he] wish[es] to be allowed to keep it that way." (Doc. No. 79 at 13.)  But these representations do not constitute "extraordinary and compelling reasons," as defined by the Sentencing Commission, to warrant the granting of relief such as defendant's immediate release from prison.  *See* § 1B1.13.  The medical condition of a defendant may justify release from prison where he or she suffers from a "terminal illness," "a serious physical or medical condition," or is "experiencing deteriorating physical or mental health because of the aging process." *Id.* at Commentary (1)(A). The court recognizes that in certain situations a moderate illness, chronic condition, or advanced age in combination with the potential exposure to the Covid-19 virus at a

---

[1] This blanket statement that no responses would be issued to such requests made by prisoners held at Taft CI was apparently motivated by the anticipated closure of that facility and the transfer of all prisoners then confined there to other institutions in the very near future.

specific location may present a significant risk of developing a "serious physical or medical condition." *See id.*   Here, however, defendant admits that he is 52 years old, is currently "symptom free of any illness," and makes no mention of any relevant chronic condition from which he suffers. (*See* Doc. No. 79 at 13.)  Further, defendant's age does not provide support for the granting of the requested relief. *See* § 1B1.13, Commentary (1)(B) (explaining that extraordinary and compelling reasons may exist where "[t]he defendant . . . is at least 65 years old . . .").  Moreover, defendant does not argue that family circumstances warrant his release. *See id.* at Commentary (1)(C).

Additionally, the sentencing factors set forth in 18 U.S.C. § 3553 do not justify defendant's release.  Defendant pled guilty to one count of mail fraud for his role in falsifying requests for unemployment benefits. (Doc. No. 79.)  The government and defense counsel stipulated that the monetary loss for defendant's offense was over $1.2 million. (Doc. No. 67.)  Defense counsel took the position that the applicable advisory sentencing guideline range for defendant called for imposition of a term of imprisonment of between 37 and 46 months. (*Id.*)  Defendant was sentenced to 37 months of imprisonment and commenced serving his sentence on January 14, 2019. (Doc. No. 79.)  Defendant has served less than half of his sentence as of the date of this order, or approximately 15 months.  However, a term of imprisonment of 15 months, in connection with falsifying requests for unemployment benefits that resulted in a loss exceeding $1.2 million, would not appear to "reflect the seriousness of the offense" or "provide just punishment for the offense."  § 3553(a)(2)(A).

For all of these reasons, the court concludes that defendant's release is not warranted by "extraordinary and compelling reasons" or by consideration of the sentencing factors set forth in § 3553(a).  Accordingly, defendant's emergency requests for modification of the previously imposed term of imprisonment (Doc. Nos. 78, 79, and 80) are denied.

IT IS SO ORDERED.

Dated:   **April 21, 2020**                                 /s/ Dale A. Drozd
                                                                          UNITED STATES DISTRICT JUDGE

3